**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| JONAS ON FRONT STREET, INC.<br>a Michigan corporation, d/b/a<br>THE LITTLE FLEET,<br><br>Plaintiff,<br><br>v.<br><br>FERNDALE ON THE ROCKS<br>ENTERPRISES LLC, A Michigan<br>limited liability company, d/b/a<br>DETROIT FLEAT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 17-13223<br>Judge Robert H. Cleland<br>Magistrate Judge Mona K. Majzoub |

**<u>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FED. R. CIV. PROC. FOR FAILURE TO STATE A CLAIM</u>**

Plaintiff's brand, LITTLE FLEET, is not famous to a general nationwide audience. Under binding case law from this Court and the Sixth Circuit, the Court is authorized to decide this now and save everyone the time and expense in further proceedings on a dilution claim that cannot succeed.

Plaintiff urges the Court to follow cases from other circuits and other districts, which is a mistake because there is binding case law from this Court and the Sixth Circuit that is squarely on point. Plaintiff argues that Judge Leitman's

ruling in *Kassa*, which was affirmed by the Sixth Circuit[1], should not be followed because "it failed to discuss the relevance of the different standards of review applicable to dilution claims. (Page ID 48) But the plaintiff is mistaken. Judge Leitman discussed the standard for dismissal under Rule 12(b)(6) under the section "GOVERNING LEGAL STANDARD." *Kassa v. Detroit Metro. Convention & Visitors Bureau*, 150 F. Supp. 3d 831, 837 (E.D. Mich. 2015). Then he discussed the correct standard for pleading trademark dilution, and concluded that the allegations did not state a claim: "Kassa's allegations do not establish that the Marks are sufficiently "famous." … Because the marks are not famous, Kassa has failed to state a claim for dilution under federal law." *Id* at 841. The decision is correct and wise – and it was affirmed on appeal by the Sixth Circuit with *certiorari* being denied. As the Court recognized, there is no point in dragging on with a claim when it is clear at the outset that it is destined to fail.

Using this correct and binding precedent, plaintiff's claim for dilution must be dismissed. There is no way that LITTLE FLEET was famous to a general nationwide audience when the alleged dilution began in the late spring of 2017 – or even now. The Court can accept as true all 33 of the facts that plaintiff repeats from its complaint, and they still do not suffice to show that the mark was famous to a general nationwide audience – not even close. No amount of discovery or

[1] *Kassa v. Detroit Metro Convention & Visitors Bureau*, 672 Fed. Appx. 575 (6th Cir. 2017), *cert.* denied ___ S.Ct. ___, 199 L. Ed. 2d 39 (2017).

other litigation will change this. Attached for the Court's reference are two sections from *McCarthy on Trademarks and Unfair Competition* showing marks that have been held famous (§ 24:107) and marks that have been held not famous (§ 24:109). (Exhibit A).

Accordingly, defendant asks the Court to grant the motion and dismiss the claim for dilution.

**HOWARD & HOWARD ATTORNEYS PLLC**

By: s/Andrew M. Grove
Andrew M. Grove (P48868)
H. William Burdett, Jr. (P63185)
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 723-0381
jg@h2law.com
bburdett@howardandhoward.com
*Attorneys for Ferndale on the Rocks Enterprises, LLC, d/b/a Detroit Fleat*

November 9, 2017

## CERTIFICATE OF SERVICE

I certify that on November 9, 2017, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system, which will cause notice of same to be sent to all counsel of record.

By: /s/ *Andrew M. Grove*
Andrew M. Grove (P48868)
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
Phone: (248) 723-0343
Fax: (248) 645-1568
jg@h2law.com

4845-2315-9634, v. 1