# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FED. R. CIV. PROC. FOR FAILURE TO STATE A CLAIM

Exhibit A – *McCarthy on Trademarks and Unfair Competition*, Fifth Edition, Volume 4, Chapter 24 § 107 and § 109.

*Intellectual Property Library*

# McCarthy on Trademarks and Unfair Competition

J. Thomas McCarthy
Fifth Edition

Volume 4

THOMSON REUTERS®

*For Customer Assistance Call 1-800-328-4880*
© 2017 Thomson Reuters, 9/2017
Mat #42128323

extraordinary protection of the antidilution statute. This inconsistency requires a persuasive explanation.

## § 24:107 Examples of marks held famous under 2006 Federal Act

The following marks were held to be "famous" under the criteria of the 2006 Trademark Dilution Revision Act:

- Adidas three-stripe mark on sports shoe[1]
- AUDI motor vehicles[2]
- AMERICA'S TEAM nickname for DALLAS COWBOYS[3]
- APPLE iPHONE trade dress[4]
- BIG GULP large non-alcoholic drink[5]
- BLACKBERRY smart phones[6]
- BURBERRY wearing apparel[7]
- CHANEL wearing apparel, jewelry and personal care

---

**[Section 24:107]**

[1]adidas-America, Inc. v. Payless Shoesource, Inc., 546 F. Supp. 2d 1029, 1063 (D. Or. 2008) (Denying summary dismissal); Adidas America, Inc. v. Skechers USA, Inc., 149 F. Supp. 3d 1222, 1247-1248 (D. Or. 2016) (Preliminary injunction granted.).

[2]Audi AG v. Shokan Coachworks, Inc., 592 F. Supp. 2d 246, 280 (N.D. N.Y. 2008) (AUDI mark and logo is famous: granted summary judgment finding dilution by auto parts dealer.).

[3]Dallas Cowboys Football Club, Ltd. v. America's Team Properties, Inc., 616 F. Supp. 2d 622 (N.D. Tex. 2009) (finding dilution under Texas and federal law).

[4]Apple, Inc. v. Samsung Electronics Co., Ltd., 920 F. Supp.2d 1079, 1097 (N.D. Cal. 2013) (The court found that substantial evidence supported the jury finding that Apple's iPhone trade dress was famous and was diluted by blurring.), reversed Apple Inc. v. Samsung Electronics Co., Ltd., 786 F.3d 983, 114 U.S.P.Q.2d 1953 (Fed. Cir. 2015), rev'd and remanded, 137 S. Ct. 429, 196 L. Ed. 2d 363, 120 U.S.P.Q.2d 1749 (2016) (Finding the trade dress to be functional and unprotectable.).

[5]7-Eleven Inc. v. Lawrence I. Wechsler, 83 U.S.P.Q.2d 1715, 2007 WL 1431084 (T.T.A.B. 2007) (but not diluted by GULPY for pet water dish).

[6]Research in Research in Motion Limited v. Defining Presence Marketing Group, Inc. and Axel Ltd. Co., 102 U.S.P.Q.2d 1187, 2012 WL 893481 (T.T.A.B. 2012) (Because there was a "strong association" between opposer's BLACKBERRY smart phones and applicant's CRACKBERRY on-line services for users of BLACKBERRY phones, there was a likelihood of dilution by blurring. No parody was found.).

[7]Burberry Ltd. v. Euro Moda, Inc., 2009 WL 1675080 (S.D. N.Y. 2009) (summary judgment of dilution by tarnishment against retailers for sell-

products[8]

- CITIBANK banking services[9]
- DELTA airlines[10]
- JUST DO IT slogan for NIKE sportswear[11]
- LOUIS VUITTON MULTICOLORE trademark for hand bags[12]
- MCDONALD'S MC- family of marks for restaurants and food[13]
- MISS USA beauty pageant[14]
- MOTOWN music and recordings[15]

---

ing counterfeit BURBERRY goods).

[8]Chanel, Inc. v. Makarczyk, 110 U.S.P.Q.2d 2013, 2014 WL 2531211 (T.T.A.B. 2014) (Likelihood of dilution barred registration of CHANEL for real estate development services. Pro se applicant filed neither brief nor evidence.).

[9]Citigroup Inc. v. Capital City Bank Group, Inc., 94 U.S.P.Q.2d 1645, 1665, 2010 WL 595586 (T.T.A.B. 2010), aff'd, 637 F.3d 1344, 98 U.S.P.Q.2d 1253 (Fed. Cir. 2011) (Citigroup Inc. could prove that its CITIBANK mark became famous as of 1983, but the evidence did not prove that it was famous as of the 1975 first use date of applicant CAPITAL CITY BANK. For that reason, Opposer's dilution claim failed.).

[10]Delta Air Lines, Inc. v. Influence Direct, LLC, 117 U.S.P.Q.2d 1652, 99 Fed. R. Evid. Serv. 646 (M.D. Tenn. 2016) (Summary judgment of infringement and dilution by tarnishment by travel club using Delta Airline's mark to falsely indicate sponsorship of defendant's promotional campaign.).

[11]Nike, Inc. v. Peter Maher and Patricia Hoyt Maher, 100 U.S.P.Q.2d 1018, 1027, 2011 WL 3828723 (T.T.A.B. 2011).

[12]Malletier v. Dooney & Bourke, Inc., 561 F. Supp. 2d 368, 391, 91 U.S.P.Q.2d 1347 (S.D. N.Y. 2008) ("[E]ven under the high standard of fame required [by the TDRA] to sustain a dilution claim, the Monogram Multicolore mark meets that standard as a matter of law." But the famous mark was not proven to have been actually diluted by defendant's use of its different design mark on handbags, using the FTDA test for recovery of damages.).

[13]McDonalds Corp. v. McSweet LLC, 112 U.S.P.Q.2d 1268, 1288, 2014 WL 5282256 (T.T.A.B. 2014).

[14]Miss Universe, L.P., LLLP v. Villegas, 672 F. Supp. 2d 575, 93 U.S.P.Q.2d 1652 (S.D. N.Y. 2009) (The parties agreed that the mark was "famous," but the court found it not diluted by MISS ASIA U.S.A. beauty pageant.).

[15]UMG Recordings, Inc. v. Mattel, Inc., 100 U.S.P.Q.2d 1868, 1887, 2011 WL 5014005 (T.T.A.B. 2011) (Opposition sustained based on likely confusion and dilution by applicant's mark MOTOWN METAL for toy cars

- NEWPORT cigarettes[16]
- NYC TRIATHLON athletic competition[17]
- NIKE athletic footwear and apparel[18]
- PEPSI soft drink[19]
- ROLEX watches[20]
- ROSS-ROYCE luxury autos[21]
- STARBUCKS coffee[22]
- THE HOUSE THAT RUTH BUILT for N.Y. Yankees

---

in Mattel's HOT WHEELS line.).

[16]Lorillard Tobacco Co. v. California Imports, LLC, 886 F. Supp. 2d 529, 535, 105 U.S.P.Q.2d 1230 (E.D. Va. 2012) (Dilution of NEWPORT for cigarettes by use of NEWPROT for marijuana-like tobacco product in labeling mimicking every element of plaintiff's trade dress.).

[17]New York City Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 95 U.S.P.Q.2d 1451 (S.D. N.Y. 2010) (Preliminary injunction granted based on both likelihood of confusion and likelihood of dilution by tarnishment grounds.).

[18]Nike, Inc. v. Nikepal Intern., Inc., 84 U.S.P.Q.2d 1820, 2007 WL 2782030 (E.D. Cal. 2007) (diluted by NIKEPAL for medical laboratory syringes).

[19]Pepsico, Inc. v. #1 Wholesale, LLC, 84 U.S.P.Q.2d 1040, 2007 WL 2142294 (N.D. Ga. 2007) (changing PEPSI cans into "stash cans" to store concealed materials such as illegal drugs is likely to tarnish the PEPSI mark).

[20]Rolex Watch U.S.A., Inc. v. AFP Imaging Corporation, 101 U.S.P.Q.2d 1188, 1193, 2011 WL 6780738 (T.T.A.B. 2011), appeal dismissed, 2012 WL 3306996 (Fed. Cir. 2012) (Opposition dismissed against ROLL-X for X-ray tables that roll. No likelihood of blurring was proven.), 2011 T.T.A.B. decision vacated because application was withdrawn, 2013 WL 1881615 (T.T.A.B. 2013). *See* Rolex Watch U.S.A., Inc. v. Rolex Deli Corp., 2012 WL 5177517 (S.D. N.Y. 2012) (In a default judgment, ROLEX DELI for delicatessen in Brooklyn, N.Y. found to be likely to dilute ROLEX for watches.).

[21]Rolls-Royce Motor Cards Limited v. Davis, 118 U.S.P.Q.2d 1581, 2016 WL 3913640 (D.N.J. 2016) (Default judgement of dilution by tarnishment by hip-hop musician ROLLS-ROYCE RIZZY who used explicit lyrics.).

[22]Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 105, 92 U.S.P.Q.2d 1769 (2d Cir. 2009) ("[T]hat the Starbucks Marks are 'famous' within the meaning of 15 U.S.C.A. § 1125(c) is not disputed by the parties in this case." No dilution by tarnishment was found, but the blurring claim was remanded.); later proceedings Starbucks Corp. v. Wolfe's Borough Coffee Inc., 736 F.3d 198, 108 U.S.P.Q.2d 1581 (2d Cir. 2013) (affirmed finding of no blurring).

baseball team[23]

- THE OTHER WHITE MEAT slogan promoting the consumption of pork[24]
- VIAGRA erectile dysfunction drug[25]
- VICTORIA'S SECRET[26]
- VISA credit card services[27]

## § 24:108 Examples of marks held famous under 1996 Federal Act

The following marks were held to be "famous" under the criteria of the 1996 Federal Antidilution Act:

- AOL;[1]

---

[23]New York Yankees Partnership v. IET Products and Services, Inc., 114 U.S.P.Q.2d 1497, 1505, 2015 WL 2455162 (T.T.A.B. 2015) (Also held famous was the Yankees' "Top Hat" logo. Both were found diluted by applicant's marks for a similar logo with image of a syringe and words THE HOUSE THAT JUICE BUILT.).

[24]National Pork Board and National Pork Producers Council v. Supreme Lobster and Seafood Company, 96 U.S.P.Q.2d 1479, 2010 WL 2513872 (T.T.A.B. 2010) (Found THE OTHER RED MEAT for salmon would create a likelihood of dilution by blurring.).

[25]Pfizer Inc. v. Sachs, 652 F. Supp. 2d 512, 92 U.S.P.Q.2d 1835 (S.D. N.Y. 2009) (Defendant conceded that the mark was famous. VIAGRA was found diluted by tarnishment by using the mark on a large missile used as an advertising vehicle.).

[26]V Secret Catalogue, Inc. v. Moseley, 558 F. Supp. 2d 734, 87 U.S.P.Q.2d 1240 (W.D. Ky. 2008) (use of VICTOR'S SECRET for small store selling men's and women's lingerie, adult videos and sex toys was likely to cause dilution by tarnishment of VICTORIA'S SECRET for a large chain of stores selling women's lingerie and wearing apparel); V Secret Catalogue, Inc. v. Moseley, 558 F. Supp. 2d 734, 87 U.S.P.Q.2d 1240 (W.D. Ky. 2008), judgment aff'd, 605 F.3d 382, 95 U.S.P.Q.2d 1050 (6th Cir. 2010), cert. denied, 131 S. Ct. 1003, 178 L. Ed. 2d 827 (2011).

[27]Visa Intern. Service Ass'n v. JSL Corp., 590 F. Supp. 2d 1306 (D. Nev. 2008), aff'd, 610 F.3d 1088, 95 U.S.P.Q.2d 1571 (9th Cir. 2010) (Summary judgment for plaintiff credit card company of likely dilution of its famous VISA mark by defendant's use of evisa.com as a domain name.).

**[Section 24:108]**

[1]America Online, Inc. v. IMS, 24 F. Supp. 2d 548, 48 U.S.P.Q.2d 1857 (E.D. Va. 1998) ("recognized throughout the world" as identifying plaintiff's online products and services. Held diluted by tarnishment by use in "spam" junk e-mail messages).

## § 24:109 Examples of marks held not to be famous under 2006 Federal Act

- APP STORE store selling software applications for mobile devices[1]
- BIO-SAFE septic system cleaner[2]
- CHARLOTTE women's clothing accessories[3]
- COACH high-end handbags and leather goods[4]
- IT'S A 10 hair care products[5]
- LINGO single food market in Delaware[6]
- MAGENTA color used by T-MOBILE wireless provider[7]
- "Maker's Mark" trade dress of whiskey bottle top configuration of red dripping wax[8]

---

**[Section 24:109]**

[1]Apple, Inc. v. Amazon.com Inc., 100 U.S.P.Q.2d 1835, 2011 WL 2638191 (N.D. Cal. 2011) (Not proven to be famous for granting a preliminary injunction.).

[2]Biosafe-One, Inc. v. Hawks, 524 F. Supp. 2d 452, 466 (S.D. N.Y. 2007).

[3]GMA Accessories, Inc. v. Croscill, Inc., 2008 WL 591803 (S.D. N.Y. 2008) (advertising of only $17,000 for a mark over its 11-year lifetime is not sufficient to create an "extremely strong" mark protectable by the New York anti-dilution law).

[4]Coach Services, Inc. v. Triumph Learning LLC, 668 F.3d 1356, 1376, 101 U.S.P.Q.2d 1713 (Fed. Cir. 2012) (The evidence was not sufficient to prove that COACH was famous to qualify for protection from dilution.).

[5]It's a 10, Inc. v. Beauty Elite Group, Inc., 110 U.S.P.Q.2d 1116, 1125, 2013 WL 6834804 (S.D. Fla. 2013) ("[Plaintiffs] do not begin to establish, . . . that plaintiffs' marks have accumulated the cultural heft to transform them from mere trademarks—even strong ones—to a household name that is instantly recognizable among the general public of the United States." Summary dismissal of dilution count.).

[6]Lingo v. Lingo, 785 F. Supp. 2d 443, 100 U.S.P.Q.2d 1698 (D. Del. 2011).

[7]T-Mobile US, Inc. v. AIO Wireless LLC, 991 F. Supp. 2d 888, 930 (S.D. Tex. 2014) (The magenta color mark was strong enough for a preliminary injunction based on infringement, but was not proven to be famous for granting a preliminary injunction based on dilution.).

[8]Maker's Mark Distillery, Inc. v. Diageo North America, Inc., 703 F. Supp. 2d 671, 698, 97 U.S.P.Q.2d 1780 (W.D. Ky. 2010) ("Congress intended for dilution to apply only to a small category of extremely strong marks."), aff'd on other grounds 679 F.3d 410, 679 U.S.P.Q.2d 1693 (6th Cir. 2012) (affirming infringement of trade dress).

© 2017 Thomson Reuters, 9/2017

- MAJESTIC pearls and pearl jewelry[9]
- MOVIE MANIA video rentals[10]
- ROCKY TOP song title[11]
- STEAK UMM frozen meat products[12]
- TOP roll your own cigarette tobacco[13]
- University of Texas "longhorn" logo[14]

## § 24:110 Examples of marks held not to be famous under 1996 Federal Act

The following marks were alleged to be "famous" under the criteria of the 1996 Federal Antidilution Act, but were held not to qualify as "famous":

- APPLESEED public advocacy group;[1]
- AUTHORITY sporting goods retailer;[2]

---

[9]Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 887 F. Supp. 2d 519, 540-541 (S.D. N.Y. 2012) (Mark was known only to a niche market of pearl buyers).

[10]Movie Mania Metro, Inc. v. GZ DVD's Inc., 306 Mich. App. 594, 857 N.W.2d 677, 687, 112 U.S.P.Q.2d 1661 (2014) (The assertion that the mark was famous and diluted was "particularly frivolous.").

[11]House of Bryant Publications, LLC v. City of Lake City, Tenn., 30 F. Supp. 3d 711, 111 U.S.P.Q.2d 1821, 2014 WL 2999555 (E.D. Tenn. 2014) ("The bar for fame is high.").

[12]Steak Umm Co., LLC v. Steak "Em Up, Inc., 2011 WL 3679155, *9 (E.D. Pa. 2011) (Summary judgment: "no reasonable jury could conclude" that the mark was famous in 2005 or that it was diluted by defendant.).

[13]Top Tobacco, L.P. v. North Atlantic Operating Co., Inc., 509 F.3d 380, 384, 85 U.S.P.Q.2d 1251 (7th Cir. 2007) ("[T]he word 'top' is not famously distinctive 'as a designator of source' . . . .").

[14]Board of Regents, University of Texas System ex rel. University of Texas at Austin v. KST Elec., Ltd., 550 F. Supp. 2d 657, 678, 233 Ed. Law Rep. 606 (W.D. Tex. 2008) (While the mark may have been widely known among college football fans, it was not famous among the entire population of the United States. Summary judgment granted that the logo was not famous under the TDRA.).

**[Section 24:110]**

[1]Appleseed Foundation Inc. v. Appleseed Institute Inc., 981 F. Supp. 672, 43 U.S.P.Q.2d 1767 (D.D.C. 1997) (plaintiff could not show fame because the mark had been in use for only three years with no widespread advertising and the mark "has not achieved such widespread attention as to become truly 'famous' ").

[2]Sports Authority, Inc. v. Abercrombie & Fitch, Inc., 965 F. Supp.